IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ALEX WILLIAMS,

        Petitioner,                  No. 2:03-cv-0721-JAM JFM (HC)

    vs.

CHERYL PLILER,

        Respondent.            ORDER

                                 /

On April 9, 2003, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therein, petitioner raised numerous grounds for relief, including a claim that the State impermissibly exercised a peremptory challenge against a juror in violation of <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986). On December 20, 2006, findings and recommendations were issued recommending that the application for writ of habeas corpus be denied. On June 20, 2007, the findings and recommendations were adopted in their entirety and judgment entered accordingly. Petitioner timely appealed.

On January 25, 2011, the Ninth Circuit Court of Appeals reversed after finding that this court erred in its <u>Batson</u> analysis, and the matter was remanded for further proceedings consistent with that finding. <u>See</u> Doc. No. 52 at 2-3. Following remand, Victor Haltom,

/////

1

1  petitioner's appellate counsel, filed a motion to place this matter on for a status conference. Mr.
2  Haltom claims he was appointed appellate counsel and, essentially, seeks re-appointment in this
3  court.[1]
4      Good cause appearing, IT IS HEREBY ORDERED that:
5      1. Petitioner's motion for a status conference is denied without prejudice;
6      2. This matter is referred to the Federal Defender for the Eastern District of
7  California who shall, within fifteen days, report to the court whether Mr. Victor Haltom should
8  be appointed to represent petitioner; and
9      3. The Clerk of the Court is directed to send a copy of this order to the Federal
10 Defender's office, 801 I Street, 3rd Floor, Sacramento, CA 95814.
11 DATED: April 7, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;will0721.110.fed_def

---

[1] Examination of the docket reveals that Mr. Haltom also represented petitioner during the pendency of the habeas proceedings in this court prior to appeal. That representation does not appear to have been a result of court appointment.

2