UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALEX WILLIAMS, | No. 2:03-cv-00721 LKK AC (HC) |
| Petitioner, | |
| v. | ORDER |
| CHERYL PLILER, | |
| Respondent. | |

Petitioner, a state prisoner proceeding with counsel, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 21, 2013, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  ECF No. 105.  Respondent has filed objections to the findings and recommendations.  ECF No. 110.  Petitioner has filed a reply thereto.  ECF No. 111.  On January 28, 2014, respondent filed a surreply and a request to file a surreply as one document, styled as a "request to file instant surreply."  ECF No. 112.  Respondent's request to file a surreply will be granted  Finally, on June 17, 2014, respondent filed a letter, the contents of which have also been considered by this court.

/////

1

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
2 court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, the
3 court finds the findings and recommendations to be supported by the record and by proper
4 analysis.

5    The court writes separately to address respondent's contentions concerning the proper
6 standard of review for the claim at bar.  Respondent objects to the findings that (1) de novo
7 review of the claim at bar is the law of the case; and (2) respondent either waived, or is estopped
8 from now raising, the argument that the deferential standard of review applies to the instant claim.
9 Objs. to Findings and Recommendations, filed January 9, 2014 (ECF No. 110) at 6-10.
10 Resolution of the first objection renders it unnecessary to adopt the findings that are the basis for
11 the second objection.[1] [2]

12   This matter is before the court pursuant to an order of remand from the United States
13 Court of Appeals for the Ninth Circuit .   "'The law of the case doctrine states that the decision of
14 an appellate court on a legal issue must be followed in all subsequent proceedings in the same
15 case.'"  <u>Herrington v. County of Sonoma</u>, 12 F.3d 901, 904 (9th Cir. 1993) (quoting <u>Maag v.</u>
16 <u>Wessler</u>, 993 F.2d 718, 720 n.2 (9th Cir. 1993)).  "'The rule of mandate is similar to, but broader
17 than, the law of the case doctrine.  The rule of mandate requires a lower court to act on the
18 mandate of an appellate court, without variance or examination, only execution.'"  <u>U.S. v. Perez</u>,

---

[1] The obligation to apply the correct standard of review to federal habeas corpus claims rests with the court and cannot be waived.  <u>See</u> <u>Hernandez v. Holland</u>,  750 F.3d 843, 856 (9th Cir. 2014) (quoting <u>Amado v. Gonzalez</u>, 734 F.3d 936, 946 (9th Cir. 2013)).

[2] Respondent's erroneous contention that the deferential standard of federal habeas review applies in this case permeates most, though not all, of her objections to the findings and recommendations.  Respondent repeatedly asserts that the state court of appeal could reasonably have made various findings concerning the prosecutor's asserted reasons for challenging Juror Thompson.  <u>See</u>, e.g., Objections at 15:21-23; 16:9-10; 19:13-14; 21:20-22.  Respondent also repeatedly argues that petitioner has failed "in his burden to establish that the California Court of Appeal 'had no permissible alternative but to reject the prosecutor's race neutral justification [] and conclude that . . . [Petitioner] had shown a *Batson* violation."  <u>See</u>, e.g., <u>id.</u> at 17:15-17.  For the reasons discussed in this order, these contentions are irrelevant where, as here, the federal court reviews petitioner's <u>Batson</u> claim de novo and pursuant to a specific mandate from the United States Court of Appeals for the Ninth Circuit.

475 F.3d 1110, 1113 n.1 (9th Cir. 2007) (quoting United States v. Garcia-Beltran, 443 F.3d 1126, 1130 (9th Cir. 2006), cert. denied, 549 U.S. 935, 127 S.Ct. 319, 166 L.Ed.2d 239 (2006) ).

> "'When a case has once been decided by this court on appeal, and remanded to the [district] court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The [district] court is bound by the decree as the law of the case, and must carry it into execution according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.'"

Perez, 475 F.3d at 1113 n.2 (quoting U.S. v. Kellington, 217 F.3d 1084, 1113 n.2 (9th Cir. 2000) (quoting In re Sanford Fork & Tool Co., 160 U.S. 247, 255, 16 S.Ct. 291, 40 L.Ed. 414 (1895)). Pursuant to the rule of mandate, this court is bound by matters decided on appeal and is without power to revisit those matters. See Perez, 475 F.3d at 1113 (quoting Kellingon, at 1093).

On appeal, the Ninth Circuit held that "the federal courts review Williams's habeas petition *de novo*." Williams v. Pliler, No. 08-16806, filed January 24, 2011 (ECF No. 50), slip op. at 2. The Ninth Circuit found that the trial court did not reach the third step of the Batson inquiry. Id. The Ninth Circuit decided that "the trial court could not have made a proper credibility finding" and that the district court erred in its prior decision "because it accorded deference to the improper finding, and as a result, erroneously required Williams to show clear and convincing evidence that the trial judge erred in denying the *Batson* motion." Id. at 3. Finally, the Ninth Circuit remanded the case to this court with instructions to "conduct a full step-three inquiry that includes a proper comparative juror analysis" and, in so doing, to follow its decision in Crittenden v. Ayers, 624 F.3d 943 (9th Cir. 2010). The Ninth Circuit cited specifically to the holding in Crittenden "that 'the proper analysis at Batson's step three is whether the peremptory strike was motivated in *substantial part* by race. If it was so motivated, the petition is to be granted regardless of whether the strike would have issued if race had played no role.'" Williams, slip op. at 5 (quoting Crittenden at 958).

In accordance with the mandate rule, this court is not free to revisit any of the foregoing matters. For that reason, respondent's objections to de novo review of petitioner's Batson claim

1    is overruled.³   The remainder of respondent's objections to the magistrate judge's findings and

2    recommendations are without merit.

3            Accordingly, IT IS HEREBY ORDERED that:

4            1.  Respondent's request to file a surreply (ECF No. 112) is granted;

5            2.  Except as expressly modified herein, the findings and recommendations filed

6    November 21, 2013 (ECF No. 105), are adopted in full;

7            3.  Petitioner's amended application for a writ of habeas corpus is granted; and

8            4.  Respondent is directed to release petitioner from custody unless within sixty days from

9    the date of this order the State of California elects to retry petitioner.

10           Dated:  June 26, 2014.

14   _____
     LAWRENCE K. KARLTON
15   SENIOR JUDGE
     UNITED STATES DISTRICT COURT

---

³ Following remand, respondent has argued that the deferential standard of federal habeas corpus review should apply to the state court of appeal's finding on direct review that "'Prospective Juror Thompson raised several matters the prosecutor could and expressly did *reasonably view* as grounds for peremptory challenge' and '[t]hose reasons were, in fact, *proper*.'"  Objs. to Findings and Recommendations (ECF No. 110) at 13 (citing ECF 105 at 11; ER 67-68) (emphasis in original).  The court rejects this argument for two reasons.  First, "'an order issued after remand may deviate from the mandate if it is not counter to the spirit of the circuit court's decision.'"  Perez at 1113.  Acceptance of respondent's argument would run contrary to the spirit of the Ninth Circuit's decision in this case.  Moreover, the finding required at step three of Batson is whether the peremptory strike at issue was motivated in substantial part by race.  The state court of appeal did not resolve this question.

4