1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD ALEX WILLIAMS,              No.   CIV. S-03-721 LKK/AC (HC)

12              Petitioner,

13        v.                             **ORDER**

14   CHERYL PLILER,

15              Respondent.

16

17        By order filed June 27, 2014 (ECF No. 114), this court

18   granted petitioner's amended application for writ of habeas

19   corpus and directed respondent to release petitioner from custody

20   until within sixty days from the date of the order unless the

21   State of California elected to retry him.  Judgment was entered

22   on the same day (ECF No. 115).  On July 21, 2014, respondent

23   filed a notice of appeal (ECF 117) and a motion for stay pending

24   appeal or, in the alternative, for a temporary stay, of the June

25   27, 2014 order (ECF No. 116).  Petitioner opposes the motion and

26   respondent has filed a reply.  The parties have agreed to submit

27   the motion for stay on the papers.  On August 27, 2014,

28

                                   1

1  petitioner filed a motion for release, which has not been fully

2  briefed.

3      In reply to the motion for stay, respondent represents that

4  prosecutors have determined that petitioner will be retried if

5  the appeal is unsuccessful and that they are ready to begin the

6  retrial if necessary.[1]  Thus, two separate questions are

7  presented by respondent's motion:  first, whether petitioner's

8  retrial should take place during the pendency of his appeal; and

9  second, whether petitioner should be released from custody while

10 the appeal is pending.[2]  The latter issue is also tendered by

11 petitioner's motion for release.

12     It is presumed that a successful habeas petitioner will be

13 released from custody pending appeal.  See Hilton v. Braunskill,

14 481 U.S. 770, 774 (1987); see also Fed. R. Civ. P. 23(c).  The

15 presumption "'may be overcome if the traditional stay factors tip

16 the balance against it.'"  Haggard v. Curry, 631 F.3d 931, 934

---

[1] On August 21, 2014, petitioner filed a memorandum in which he suggest that
an evidentiary hearing may be required on this motion to stay because a
factual dispute has arisen over whether the prosecution has in fact located
witnesses and evidence necessary to try the case, or whether most of the
witnesses are "'either almost all gone or dead.'"  Mem. Re: Factual Dispute
(ECF No. 128) at 2.  Respondent has filed an opposition to this memorandum
(ECF No. 130) accompanied by a declaration from the deputy district attorney
in which he represents that if a retrial occurs the testimony of any necessary
witness who is unavailable will be presented through their prior testimony
pursuant to California Evidence Code § 1291.  This factual dispute is
irrelevant to the matters at bar, as any risks to retrial raised by the
contentions in petitioner's memorandum fall on respondent, the party seeking
to delay the start of the retrial.

[2] The grant of habeas corpus relief is a "declar[ation] in essence that the
petitioner is being held in custody in violation of his constitutional  . . .
rights."  Harvest v. Castro,  531 F.3d 737, 741 (9th Cir. 2008).  Unless this
court's order is reversed on appeal or petitioner is retried and convicted in
constitutionally sound proceedings, petitioner is in custody in violation of
his federal constitutional rights.  For this reason, respondent's
representation that prosecutors will retry petitioner if the appeal is
unsuccessful does not end the inquiry about whether this court's order should
be stayed.  Respondent is seeking to delay the retrial and petitioner's
release until the appeal is concluded.

1   (9th Cir. 2010) (quoting Hilton, 481 U.S. at 777).  The court

2   considers the following factors:

3           (1) whether the stay applicant has made a
            strong showing that he is likely to succeed
4           on the merits; (2) whether the applicant will
            be irreparably injured absent a stay; (3)
5           whether  issuance  of  the  stay  will
            substantially  injure  the  other  parties
6           interested in the proceeding; and (4) where
7           the public interest lies.

8   Hilton, 481 U.S. at 776. "The most important factor is the first,

9   that is, whether the state has made a strong showing of likely

10  success on the merits of its appeal of the district court's

11  decision." Haggard, 631 F.3d at 934-45 (citing Hilton, 481 U.S.

12  at 778).

13      Respondent advances both legal and factual arguments in

14  support of her motion for stay.  The court finds that respondent

15  has not made a strong showing that she is likely to succeed on

16  the merits of her legal argument that petitioner's Batson claim

17  should be governed by the deferential standard of review under

18  the Antiterrorism and Effective Death Penalty Act (AEDPA), rather

19  than the de novo review required by the United States Court of

20  Appeals for the Ninth Circuit and applied by this court.  The

21  factual questions on appeal are vigorously contested by the

22  parties, and this court cannot find that respondent has made a

23  "strong showing" that she is likely to prevail on the merits of

24  her factual arguments on appeal.

25      Petitioner, who filed his opposition apparently before

26  respondent decided that petitioner would be retried if the appeal

27  was unsuccessful, has not argued that a delay of the retrial will

28

3

1  cause him substantial harm.  It appears to this court that the

2  interest of the parties and the public interest are all served by

3  delaying any retrial until the conclusion of respondent's appeal.

4  Accordingly, respondent's motion to stay will be granted as to

5  the requirement that retrial proceedings be commenced within

6  sixty days.

7      The question of whether petitioner should be released

8  pending appeal is a closer question.  In addition to the

9  traditional factors outlined above, the court should consider

10 whether petitioner poses a possible flight risk or danger to the

11 public.  Hilton, 481 U.S. at 777.  In addition, "[t]he State's

12 interest in continuing custody and rehabilitation pending a final

13 determination of the case on appeal is also a factor to be

14 considered; it will be strongest where the remaining portion of

15 the sentence to be served is long, and weakest where there is

16 little of the sentence remaining to be served."  Id.

17     Petitioner, who is now thirty-six years old, has been in

18 prison on the commitment offenses for eighteen years.  He was,

19 however, sentenced to life in prison without the possibility of

20 parole for a special circumstance murder and life with the

21 possibility of parole on two counts of attempted murder. While

22 this factor, without more, might weigh in favor of staying

23 petitioner's release, with his opposition to the motion for stay[3]

24 petitioner has presented substantial evidence that might favor

25 supervised release pending appeal.

26

27 _____

[3] Except to note that it has been filed, the court has not reviewed
petitioner's August 27, 2014 motion for release, which will remain pending
28 while the matter is reviewed by Pretrial Services.

4

1    After review of the record, and good cause appearing, this

2    matter will be referred to the Pretrial Services Department of

3    this court for a report and recommendation on whether petitioner

4    is an appropriate candidate for supervised release pending appeal

5    and conditions of such release, if appropriate.  Petitioner's

6    release will be stayed pending the filing of that report.

7    In accordance with the above, IT IS HEREBY ORDERED that:

8    1.  Respondent's July 21, 2014 motion for a stay is granted

9    in part;

10   2.  Retrial of petitioner is stayed during the pendency of

11   respondent's appeal from the judgment entered in this action.  If

12   the appeal is unsuccessful, the State of California shall have

13   thirty (30) days from the date the appellate decision is final to

14   institute trial proceedings in State court;

15   3.  This matter is referred to Pretrial Services for a

16   report and recommendation on whether petitioner is an appropriate

17   candidate for supervised release pending appeal, and conditions

18   of such release, if appropriate; and

19   4.  Respondent's obligation to release petitioner from

20   custody is stayed pending further order of the court.

21   DATED:  August 27, 2014.

22

23

24

25   LAWRENCE K. KARLTON

26   SENIOR JUDGE
     UNITED STATES DISTRICT COURT

27

28