UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALEX WILLIAMS, | No. 2:03-cv-0721-KJM-AC |
| Petitioner, | |
| v. | ORDER |
| CHERYL PLILER, Warden, | |
| Respondent. | |

This matter is before the court on petitioner Richard Alex Williams's request for enforcement of this court's previous order. For the following reasons, the court DENIES the request.

On June 26, 2014, the court issued an order granting Williams's petition for writ of habeas corpus. ECF No. 114. On July 21, 2014, the respondent filed a notice of appeal and motion for a stay pending appeal. ECF No. 116. On August 28, 2014, the court issued an order granting the motion for a stay in part. ECF No. 133. That order provided, in relevant part,

> Retrial of petitioner is stayed during the pendency of respondent's appeal from the judgment entered in this action. If the appeal is unsuccessful, the State of California shall have thirty (30) days from the date the appellate decision is final to institute trial proceedings in State court.

ECF No. 132.

1

The Ninth Circuit affirmed this court's decision to grant the petition for a writ of habeas corpus. ECF No. 159. On August 21, 2015, the circuit court's mandate issued, and its judgment took effect and became final. ECF No. 160; *see* Fed. R. App. P. 41(c). The date "thirty (30) days from the date the appellate decision is final" was therefore September 21, 2015. *See* Fed. R. Civ. P. 6(a)(1).

On September 16, 2015, the Sacramento County Superior Court set petitioner's case for trial on September 21, 2015. Req. Enf. Ex. C, at 2, ECF No. 164. On September 21, 2015, the Superior Court received briefing from petitioner and respondent on the effect of this court's August 28, 2014 order, *see id.* Exs. A, B, and thereafter issued an order (1) finding the state had until October 20, 2015, to bring petitioner to trial, and (2) continuing the matter for a pretrial conference to September 23, 2015, *see generally id.* Ex. C.

Petitioner argues the state has not complied with this court's August 28, 2014 order. He argues a trial has not "commenced" until "the first witness is sworn or the first exhibit is admitted into evidence." Not. Anticipated Req. 2, ECF No. 161 (quoting Cal. Evid. Code § 12(b)(1)). The court disagrees. The August 28, 2014 order required "trial proceedings" be instituted within thirty days, not "trial."

The request is DENIED.

IT IS SO ORDERED.

DATED: September 24, 2015.

UNITED STATES DISTRICT JUDGE

2